IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 5 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| WILLIAM O. DALE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-825-A |
| | § | |
| EQUINE SPORTS MEDICINE & | § | |
| SURGERY RACE HORSE SERVICE, | § | |
| PLLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, William

O. Dale ("Dale") and A. James Streelman ("Streelman"), for change

of venue pursuant to 28 U.S.C. § 1404(a). The court, having

considered the motion, the response of defendants, Equine Sports

Medicine & Surgery Race Horse Service, PLLC, ("ESMS") and Dr.

Boyd Clement ("Clement"), the record, and applicable authorities,

finds that the motion should be denied.

I.

### Background

On October 30, 2015, plaintiff Dale filed his complaint for

damages from veterinary malpractice/negligence, alleging that

Clement, a veterinarian/employee of ESMS, failed to meet the

standard of care in treating a horse named Rawhide Canyon; that

Rawhide Canyon was treated at the ESMS facility in Weatherford,

Texas; and that ESMS sought to euthanize Rawhide Canyon.

Having twice filed defective motions for leave to amend, Dale ultimately obtained permission to file his amended complaint adding Streelman as a plaintiff and correcting the name of ESMS. The first amended complaint was filed January 22, 2016.

On February 22, 2016, the court signed an order setting a schedule and providing special pretrial instructions. The case is set for jury trial in December 2016.

II.

## Grounds of the Motion

Plaintiffs seek a transfer of venue to the United States District Court for the District of New Mexico, alleging that the subject matter of this controversy arises solely out of activities that occurred in Ruidoso, New Mexico, in 2013. They say that they learned, while attempting to serve Clement, that Clement's "primary residency" is in Albuquerque. Further, their primary third-party witness, John Stinebaugh, resides in El Paso, but spends substantial time in Ruidoso training racehorses.

III.

## Applicable Legal Principles

The pertinent statute provides:

> For the convenience of the parties and witnesses, in
> the interest of justice, a district court may transfer
> any civil action to any other district or division
> where it might have been brought or to any district or
> division to which all parties have consented.

2

28 U.S.C. § 1404(a). Whether a motion to transfer venue should be granted lies within the court's sound discretion. Time Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).

The court considers both public and private factors in determining whether a transfer should be ordered. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. Id.

The burden rests on the moving party to show that the initial choice of forum should be disturbed. Mannatech, Inc. v. K.Y.C., Inc., No. 3:06-CV-0813-P, 2006 WL 2216033, at *2 (N.D. Tex. Aug. 3, 2006). The moving party must make a particularized showing why transfer is necessary and the court may not transfer a case where the result is merely to shift the inconvenience of

venue from one party to the other. <u>Fowler v Broussard</u>, No. 3:00-CV-1878-O, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001).

IV.

## Analysis

Here, defendants do not dispute that the action could have been filed in the District of New Mexico. However, Dale chose this forum and the reasons given for now wanting to transfer seem contrived. Plaintiffs say that they learned while serving process that Clement resides in New Mexico. But, defendants accepted service (even though service of Clement appears deficient) and filed their answer expeditiously. Further, Clement says by affidavit that he is opposed to the transfer. The other purported reason for the transfer is that the trainer of Rawhide Canyon resides in El Paso, which is close to New Mexico. Defendants assert that the trainer really resides in San Antonio. In any event, plaintiffs surely would have known where to find their witness at the time the lawsuit was filed. Neither of these reasons is persuasive.

The private factors do not weigh in favor of transfer. The ESMS clinic is in the Northern District of Texas and the pertinent medical records are here. <u>In re Volkswagen</u>, 545 F.3d at 316. There is no reason to believe that the parties cannot produce witnesses for trial here. The cost of requiring ESMS's

witnesses to travel to New Mexico for trial and the impact on its business are factors that weigh against transfer. In re Volkswagen AG, 371 F.3d 201, 204-05 (5th Cir. 2004). And, contrary to plaintiffs' argument, the location of their counsel is not a factor to be counted. In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003). In addition, plaintiffs' decision to seek a new forum is not entitled to great deference. See Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 569-70 (M.D. Pa. 1999).

The public factors likewise do not weigh in favor of transfer. The case has already been set for trial and will be tried in a substantially shorter time than is typical for a case in New Mexico. Further, although plaintiffs now focus on events that occurred in New Mexico, they have pleaded that Rawhide Canyon was treated in the Northern District of Texas. Doubtless, the citizens of this district have as much an interest in the case as do the citizens of New Mexico. The parties dispute which state's substantive law will apply, but the court has no reason to believe that application of foreign law would be difficult should it be determined to apply. The court is certainly familiar with the law of negligence.

In sum, it appears that a transfer would merely shift inconvenience from one side to the other.

V.

Order

The court ORDERS that plaintiffs' motion for change of venue be, and is hereby, denied.

SIGNED April 5, 2016.

_____
JOHN McBRYDE
United States District Judge